UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,

        Plaintiff,

vs.

        Case No. 06-CV-12443
        HON. GEORGE CARAM STEEH

JOZSEF TRATTNER,

        Defendant.
_____/

ORDER DISMISSING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER
JURISDICTION ON FAILURE TO SHOW CAUSE (#2)

      Plaintiff General Motors Corporation was ordered on June 5, 2006 to show cause by June 23, 2006 why its claims of breach of contract and unjust enrichment alleged against former employee defendant Jozsef Trattner for $20,000.00 under the terms of a promissory note signed by Trattner should not be dismissed for lack of federal subject matter jurisdiction. Plaintiff alleges federal question jurisdiction pursuant to 29 U.S.C. § 185(c) of the Labor-Management Relations Act ("LMRA"):

> (c) Jurisdiction
>
> For the purposes of actions and proceedings <u>by or against labor organizations</u> in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

(emphasis added). In timely responding to the show cause order, plaintiff argues that federal jurisdiction is proper under § 185(c), even though no labor organization is a party to this lawsuit, because plaintiff "seeks to enforce the provisions of a UAW negotiated labor contact" in that the promissory note signed by Trattner references a 1999 GM-UAW National Agreement. June 19, 2006 Response, at 2.

      Claims based on individual contracts executed between an employer and employee

are not pre-empted by the LMRA. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 394 (1987). The presence of a potential collective bargaining defense to a state claim alleging breach of an individual contract is insufficient to invoke jurisdiction under the LMRA. <u>Id</u>. at 399.

Contrary to plaintiff's argument, plaintiff's complaint alleges Trattner is in breach of a $20,000.00 promissory note, not breach of a provision a UAW collective bargaining agreement. Indeed, Trattner would not be a proper party-defendant to a lawsuit alleging breach of the 1999 GM-UAW National Agreement. The UAW is not a party to this lawsuit, and is not alleged to be liable under the promissory note signed alone by defendant Trattner. The possibility that Trattner might somehow raise a collective bargaining defense to the state claims of breach of contract and unjust enrichment is insufficient to invoke federal subject matter jurisdiction under the LMRA. Plaintiff has failed to proffer legal support for its position that state law claims of breach of contract and unjust enrichment seeking to enforce an individual contract executed by an employer and employee falls under the jurisdiction of the LMRA. Accordingly,

Plaintiff's claims are hereby DISMISSED, without prejudice, for lack of federal subject matter jurisdiction.

SO ORDERED.

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 21, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee<br>
Secretary/Deputy Clerk